# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF KANSAS

|                                   |   |                      |
|-----------------------------------|---|----------------------|
| UNITED STATES OF AMERICA,         | ) |                      |
|                                   | ) |                      |
| Plaintiff,                        | ) |                      |
|                                   | ) |                      |
| v.                                | ) | Case No. 09-20045    |
|                                   | ) | 10-2502              |
| CHARLES LEOPOLD GEORGE EAGAN, IV, | ) |                      |
|                                   | ) |                      |
| Defendant.                        | ) |                      |

## MEMORANDUM AND ORDER

Defendant Charles Leopold George Eagan, IV, filed a Motion Under 28 U.S.C. § 2255 to Vacate, Set Aside, or Correct Sentence (doc. 40), raising three arguments. First, he contends that his plea agreement was not voluntary because he was promised a sentence under 120 months, but ultimately received a 180-month sentence. Second, he maintains that his attorney was ineffective for coercing him to cooperate for a lower sentence that he did not receive and for failing to seek a continuance "once the new Fair Sentencing Act passed the House." Finally, Mr. Eagan asserts that he would like a reduced sentence and needs help with the new Fair Sentencing Act.

In response, the Government filed a Motion to Enforce Waiver of Collateral Attack (doc. 43), asking this court to dismiss Mr. Eagan's § 2255 petition pursuant to the terms of his plea agreement, which included a waiver of his right to collaterally attack

his sentence, except as limited by *United States v. Cockerham*, 237 F.3d 1179 (10th Cir. 2001). For the reasons set forth below, the Government's motion to enforce is granted and Mr. Eagan's collateral attack is dismissed.

**DISCUSSION**

The court will hold a defendant and the government to the terms of a lawful plea agreement. *United States v. Arevalo-Jimenez*, 372 F.3d 1204, 1207 (10th Cir. 2004); *United States v. Atterberry*, 144 F.3d 1299, 1300 (10th Cir. 1998). Thus, a knowing and voluntary waiver of § 2255 rights in a plea agreement is generally enforceable. *United States v. Cockerham*, 237 F.3d 1179, 1181 (10th Cir. 2001). The Tenth Circuit has adopted a three-pronged analysis for evaluating the enforceability of such a waiver in which the court must determine: (1) whether the disputed issue falls within the scope of the waiver, (2) whether the defendant knowingly and voluntarily waived the rights, and (3) whether enforcing the waiver would result in a miscarriage of justice. *See United States v. Hahn*, 359 F.3d 1315, 1325 (10th Cir. 2004) (en banc) (per curiam).

**1. Scope of the Waiver**

In determining whether the disputed issue falls within the scope of the waiver, the court begins with the plain language of the plea agreement. *United States v. Anderson*, 374 F.3d 955, 957 (10th Cir. 2004); *Hahn*, 359 F.3d at 1328. The provision in the plea agreement by which Mr. Eagan waived his right to challenge his sentence through collateral attack states as follows:

2

> The defendant knowingly and voluntarily waives any right to appeal or collaterally attack any matter in connection with this prosecution, the defendant's conviction, or the components of the sentence to be imposed herein including the length and conditions of supervised release. The defendant is aware that Title 18, U.S.C. § 3742 affords a defendant the right to appeal the conviction and sentence imposed. By entering into this agreement, the defendant knowingly waives any right to appeal a sentence imposed which is within the guideline range determined appropriate by the court. The defendant also waives any right to challenge a sentence or otherwise attempt to modify or change his sentence or manner in which it was determined in any collateral attack, including, but not limited to: a motion brought under Title 28, U.S.C. § 2255 [except as limited by *United States v. Cockerham*, 237 F.3d 1179, 1187 (10th Cir. 2001)], a motion brought under Title 18, U.S.C. § 3582(c)(2) and a motion brought under Fed. Rule of Civ. Pro. 60(b). In other words, the defendant waives the right to appeal the sentence imposed in this case except to the extent, if any, the court departs upwards from the applicable sentencing guideline range determined by the court.

The plea agreement is construed "according to contract principles and what the defendant reasonably understood when he entered his plea." *Arevalo-Jimenez*, 372 F.3d at 1206 (internal quotation and citations omitted). The court strictly construes the waiver and resolves any ambiguities against the government and in favor of the defendant. *Hahn*, 359 F.3d at 1343.

Bearing these principles in mind, Mr. Eagan clearly waived the right to challenge the length of his sentence and his attorney's performance in connection with his sentence and any new legislation. These arguments all fall within the scope of the waiver.

**2.     Knowing and Voluntary**

In assessing the voluntariness of a defendant's waiver, the court looks primarily to two factors—whether the language of the plea agreement states that the defendant

3

entered the plea agreement knowingly and voluntarily and whether there was an adequate Rule 11 colloquy. *See United States v. Smith*, 500 F.3d 1206, 1210-11 (10th Cir. 2007).

Both conditions are satisfied here. Paragraph 14 of Mr. Eagan's plea agreement expressly states that he "knowingly and voluntarily waives any right to appeal or collaterally attack any matter in connection with this prosecution, the defendant's conviction, or the components of the sentence to be imposed." *See United States v. Leon*, 476 F.3d 829, 834 (10th Cir. 2007) (concluding that a defendant did not meet the burden of showing that the waiver was unknowing and involuntary in part because plea agreement contained broad waiver that defendant "knowingly and voluntarily waives any right to appeal or collaterally attack any matter in connection with this prosecution, conviction and sentence").

In addition, the court, during its Rule 11 colloquy with Mr. Eagan, specifically discussed that he had waived his right to challenge his sentence through a § 2255 motion. Mr. Eagan assured the court that he understood the nature of § 2255 claims, that he understood that he had waived his right to assert such claims, and that he was entirely willing to do so. *See id.* (finding that defendant did not meet the burden of showing that the waiver was unknowing and involuntary in part because defendant testified at the plea colloquy that he was competently, knowingly, freely and voluntarily entering his plea and waiving his constitutional rights, including his right to appeal).

Mr. Eagan contends that his plea agreement was not, in fact, voluntary because

4

he was "coerced" into signing it by the promise of a sentence under 120 months, but that he eventually received a 180-month sentence. But the language of the plea agreement contradicts this claim. Paragraph nine of the plea agreement states that "[t]he defendant understands that the sentence to be imposed will be determined solely by the United States District Judge. The United States cannot and has not made any promise or representation as to what sentence the defendant will received." Additionally, during the plea colloquy, the court explained that neither Mr. Eagan's attorney nor the Government's attorney could make any promises about what sentence might be imposed. Mr. Eagan indicated that he understood that. And Mr. Eagan informed the court that no one made any promises or guarantees about what his sentence would be. Thus, the court finds that Mr. Eagan's plea was voluntarily entered into without any impermissible coercion or promises about sentence length. *See Blackledge v. Allison*, 431 U.S. 63, 74 (1977) ("Solemn declarations in open court [affirming a plea agreement] carry a strong presumption of verity. The subsequent presentation of conclusory allegations unsupported by specifics is subject to summary dismissal, as are contentions that in the face of the record are wholly incredible.").

### 3. Miscarriage of Justice

Enforcing a waiver results in a miscarriage of justice only if (1) the district court relied on an impermissible factor such as race, (2) the defendant received ineffective assistance of counsel in conjunction with the negotiation of the waiver, (3) the sentence

exceeds the statutory maximum, or (4) the waiver is otherwise unlawful in the sense that it suffers from error that seriously affects the fairness, integrity, or public reputation of judicial proceedings. *Hahn*, 359 F.3d at 1327.

Mr. Eagan does not raise any claim that would fall into one of the four situations described by *Hahn*. Thus, the court is satisfied that enforcing the waiver would not result in a miscarriage of justice.

**4. Conclusion**

Having concluded that the waiver contained in Mr. Eagan's plea agreement was knowing and voluntary and that enforcing it will not result in a miscarriage of justice, the court grants the government's motion to enforce and dismisses Mr. Eagan's § 2255 petition.

**IT IS THEREFORE ORDERED BY THE COURT** that the Government's Motion to Enforce Waiver of Collateral Attack (Doc. 43) is **granted**. Mr. Eagan's Motion Under 28 U.S.C. § 2255 to Vacate, Set Aside, or Correct Sentence (Doc. 40) is **dismissed**.

**IT IS SO ORDERED** this 7th day of December, 2010.

s/ John W. Lungstrum
John W. Lungstrum
United States District Judge